RALPH M. SCALI ET UX. v. PUBLIC SERVICE ELECTRIC
AND GAS COMPANY.

Decided July 26, 1928.

Before GUMMERE, CHIEF JUSTICE, and Justices BLACK and LLOYD.

For the appellants, *Percy H. Penn.*

For the respondent, *Henry H. Fryling.*

PER CURIAM.

The female plaintiff sued to recover compensation for injuries received by her from being struck on the lower part of her leg by a flying piece of wood caused by the fall of a pole belonging to the defendant company. She also claimed compensation for a miscarriage, which, she alleged was the direct result of the personal injury. The husband's claim was for loss of the wife's services and the expense incurred by him as the result of her injuries.

At the trial of the cause the court charged the jury that there was no evidence which would support plaintiffs' claim that the wife's miscarriage resulted from a blow upon her leg, and that they should not award her damages therefor.

In accordance with this instruction, the jury awarded compensation for the personal injury only.

The principal ground upon which we are asked to reverse the judgment under review is that this instruction failed to take into account the fact that the wife's miscarriage occurred within a few hours after her physical injury, and that this fact required the question of the case of the miscarriage to be submitted to the jury. We consider this contention unsound. The verdict of a jury must be based upon proved facts supporting it, and not upon mere guess or speculation. The correct principle is stated in the case of *Houston* v. *Traphagen,* 47 *N. J. L.* 23; namely, that where it is claimed that the physical injury produced or excited disease, it should appear, in order to recover damages for the results of the disease, not only that the injury was a possible cause thereof, but other causes should be excluded.

The only other ground urged for a reversal is that the court in its charge to the jury misstated the testimony of one of the witnesses. No exception, however, was taken to this portion of the charge, and the appellants cannot now take advantage of it.

Affirmed.